INTERPRETER

# U.S. District Court
## Southern District of Ohio (Columbus)
## CRIMINAL DOCKET FOR CASE #: 2:24–mj–00157–EPD All Defendants
### *Internal Use Only*

Case title: USA v. Urbina Molina                                    Date Filed: 03/22/2024

Other court case number:  21–mj–5028 Western District of New York
                          (Buffalo)

Assigned to: Magistrate Judge
Elizabeth Preston Deavers

**Defendant (1)**

**Jonathan Ricardo Urbina Molina**        represented by    **Stacey Lee MacDonald**
                                                            Federal Public Defenders Southern Ohio
                                                            10 w. Broad Street
                                                            Ste 1020
                                                            Columbus, OH 43215
                                                            614–469–2999
                                                            Email: stacey_macdonald@fd.org
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Public Defender or Community Defender*
                                                            *Appointment*

**Pending Counts**                                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                              **Disposition**

8:1326A.F

**Plaintiff**

**USA**                                     represented by    **Heidy Tawadros Carr**
                                                              DOJ–USAO
                                                              303 Marconi Blvd.
                                                              Ste 2nd Floor
                                                              Columbus, OH 43215
                                                              216–310–6294
                                                              Email: heidy.carr@usdoj.gov
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: Retained*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2024 | 1 | Rule 5 Out Documents Received from Western District of New York as to Jonathan Ricardo Urbina Molina. (sln) (Entered: 03/25/2024) |
| 03/22/2024 | | Arrest (Rule 5 Out) of Jonathan Ricardo Urbina Molina. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | 2 | Minute Entry for proceedings held before Magistrate Judge Elizabeth Preston Deavers:Initial Appearance in Rule 5 Out Proceedings as to Jonathan Ricardo Urbina Molina held on 3/25/2024. Dft remanded. (sln). (Entered: 03/25/2024) |
| 03/25/2024 | 3 | CJA 23 Financial Affidavit by Jonathan Ricardo Urbina Molina. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | | Oral ORDER APPOINTING FEDERAL PUBLIC DEFENDER for Jonathan Ricardo Urbina Molina. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/25/2024. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | | Oral MOTION for Detention Hearing by USA as to Jonathan Ricardo Urbina Molina. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | | Oral ORDER Granting Oral Motion for Detention Hearing as to Jonathan Ricardo Urbina Molina. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/25/2024. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | 4 | ORDER as to Jonathan Ricardo Urbina Molina. Detention Hearing set for 3/28/2024 01:45 PM in Courtroom 220 – Columbus before Magistrate Judge Elizabeth Preston Deavers. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/25/2024. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | | NOTICE OF HEARING as to Jonathan Ricardo Urbina Molina: Identity and Preliminary Hearing set for 3/28/2024 01:45 PM in Courtroom 220 – Columbus before Magistrate Judge Elizabeth Preston Deavers. (sln) (Entered: 03/25/2024) |
| 03/25/2024 | 5 | Due Process Protections Act Order as to Jonathan Ricardo Urbina Molina. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/25/2024. (sln) (Entered: 03/25/2024) |
| 03/28/2024 | 6 | MOTION for Pretrial Detention *Revocation and Release on Conditions* by Jonathan Ricardo Urbina Molina. (Attachments: # 1 Exhibit DHS form) (MacDonald, Stacey) (Entered: 03/28/2024) |
| 03/28/2024 | 7 | Minute Entry for proceedings held before Magistrate Judge Elizabeth Preston Deavers: Detention, Preliminary & Identity Hearing as to Jonathan Urbina Molina held on 3/28/2024. The Court concluded that Jonathan Urbina Molina is the Defendant named in the complaint and there is probable cause to believe he committed the crime charged in the complaint. (sln) (Additional attachment(s) added on 3/29/2024: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (sln). (Entered: 03/28/2024) |
| 03/29/2024 | 8 | |

| | | |
|---|---|---|
| | | ORDER OF DETENTION Pending Trial as to Jonathan Ricardo Urbina Molina. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/29/2024. (sln) (Entered: 03/29/2024) |
| 03/29/2024 | | Notation ORDER Genying 6 Motion for Pretrial Detention as to Jonathan Ricardo Urbina Molina. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/29/2024. (sln) (Entered: 03/29/2024) |
| 03/29/2024 | 9 | Commitment to Another District as to Jonathan Ricardo Urbina Molina. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/29/2024. (sln) (Entered: 03/29/2024) |

AO 442 (Rev. 11/11) Arrest Warrant

# United States District Court
### for the
### Western District of New York

United States of America

v.

Jonathan Ricardo Urbina Molina

Case No. 21-mj-5028

_____
Defendant

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* **Jonathan Ricardo Urbina Molina**, who is accused of an offense or violation based on the following document filed with the Court:

☐ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☒ Complaint

☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:

Title 8, United States Code, Section 1326(a).

Date: February 12, 2021

City and State:  Buffalo, New York

_____
Issuing officer's signature

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
_____
Printed name and Title

| Return |
| --- |

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____,
at *(city and state)* _____.

Date: _____

_____
Arresting officer's signature

_____
Printed name and title

AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

FEB 12 2021

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

United States of America

v.

Case No. 21-mj- 5028

Jonathan Ricardo Urbina Molina
_____
*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about January 31, 2021, in the Western District of New York, the defendant, JONATHAN RICARDO URBINA MOLINA, an alien, who had previously been deported and removed from the United States on or about January 10, 2020, while an order of exclusion, deportation or removal was outstanding, was found in the United States without having obtained the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, to reapply for admission to the United States.

All in violation of Title 8, United States Code, Section 1326(a).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

WILLIAM SCHOENROCK
ENFORCEMENT OFFICER
CUSTOMS AND BORDER PROTECTION
*Printed name and title*

Sworn to before me and signed telephonically.

Date: February 12, 2021

_____
*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK  )
COUNTY OF ERIE      )      SS:
CITY OF BUFFALO     )

WILLIAM J. SCHOENROCK being duly sworn deposes and states:

1.     I am an Enforcement Officer with United States Customs and Border Protection ("CBP"), within the Department of Homeland Security ("DHS"), formerly known as the Immigration and Naturalization Service, and have been so employed for the past 28 years.  In such capacity, my duties include investigating individuals suspected of violating federal immigration laws and other related federal statutes.

2.     As part of my current duties, I have become involved in an investigation of suspected violation of Title 8, United States Code, Section 1326(a).

3.     I make this affidavit in support of the annexed criminal complaint charging Jonathan Ricardo URBINA MOLINA, hereinafter referred to as "Urbina," an alien, born 1995 in Honduras, with being found in the United States without the expressed consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security, after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326(a).

4.    This affidavit is being submitted for the limited purpose of securing a Criminal Complaint. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the Urbina did knowingly violate Title 8, United States Code, Section 1326(a).

5.    On Sunday January 31, 2021, at approximately 11:12 a.m., at the Lewiston Bridge port of entry in Lewiston, New York, in the Western District of New York, CBP Officer C. Mendola was assigned to primary inspection duties when he encountered Urbina. Urbina was traveling in a vehicle bearing State of Michigan registration containing five individuals. Officer Mendola reported that Canada Border Services Agency had denied their entry to Canada. Officer Mendola entered Urbina's name and date of birth into the Vehicle Primary Client computer and found Urbina to be the subject of an immigration lookout.    Officer Mendola, as part of normal procedure, had the vehicle and occupants escorted to secondary for further inspection.

6.    CBP Officer B. Anderschott conducted an electronic search of Urbina's fingerprints in the Integrated Automated Fingerprint Identification System (IAFIS). This search was conducted to verify his identity and any immigration history he may have in the United States. The fingerprint search revealed that Urbina was an identical biometric match to FBI number NXK5EFXXX and immigration fingerprint identification number 1299821XXX.

7.    Electronic Records associated to the indexed FBI number revealed that Urbina was arrested by U.S. Border Patrol agents near McAllen, Texas in January 2020. Records associated to the immigration fingerprint identification number verified Urbina's arrest by Border Patrol agents in January 2020, and revealed that he was expeditiously ordered removed from the United States.  The indexed FBI and immigration fingerprint identification numbers both referenced alien file number A213 541 XXX.

8.    Immigration electronic records associated to the alien file number and immigration fingerprint identification number confirmed that U.S. Border Patrol agents previously encountered Urbina in January 2020 while illegally present in the United States. Records further confirmed that Urbina was then ordered removed from the United States by way of Expedited Removal, and was physically deported to Honduras on January 10, 2020.

9.    Your affiant, on February 1, 2021, received electronically from the National Records Center in Lee's Summit, Missouri, removal documents from alien file number A213 541 XXX.  Included were immigration forms I-860 (Notice and Order of Expedited Removal), I-296 (Notice to Alien Ordered Removed/Departure Verification) and I-213 Record of Deportable/Inadmissible Alien.  Immigration form I-213 contained Urbina's photograph and fingerprint impressions of his right and left index fingers.  Immigration form I-213 referenced the FBI (NXK5EFXXX) and immigration fingerprint identification numbers (1299821XXX) that were assigned to Urbina upon his arrest in January 2020. Immigration form I-296 contained Urbina's photograph and a deportation officer's signature verifying his deportation to Honduras on January 10, 2020. Immigration form I-

3

296 provided a warning to Urbina that he is prohibited from entering, attempting to enter, or being found in the United States for a period of five years without the express consent of the Secretary of the of the Department of Homeland Security.

10.    A review of electronic immigration records revealed that Urbina did not apply for or receive permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States.

WHEREFORE, I respectfully submit the foregoing facts to establish probable cause to believe that on January 31, 2021, Jonathan Ricardo URBINA MOLINA, an alien, was found in the United States after having been previously deported or removed from the United States, without the requisite permission from the United States Attorney General, or the Secretary for the Department of Homeland Security, in violation of Title 8, United States Code Section 1326(a).

WILLIAM J. SCHOENROCK
Enforcement Officer
U.S. Customs and Border Protection

Sworn to and subscribed telephonically

me this 12th day of February 2021.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

**United States of America**

**-vs-**                                                    **Case No.  2:24-mj-157**

**Jonathan Ricardo Urbina-Molina**


**COURTROOM   MINUTES**

| JUDGE: | Elizabeth A. Preston Deavers | DATE AND TIME: | 3/25/2024 at 1:00 PM |
|---|---|---|---|
| DEPUTY CLERK: | Sherry Nichols | COUNSEL FOR GOVT: | Heidy Carr |
| RECORD: | CourtSmart | COUNSEL FOR DEFT(S). | Stacey MacDonald |
| INTERPRETER: | Rafael Montanez | Pretrial/Probation | Leticia Vazquez-Villa |

Initial Appearance

-Interpreter sworn in
-Dft completed CJA financial affidavit, Counsel appointed.
-Dft advised of rights, charges, and potential penalties
-Government motions Court for detention hearing; Motion granted
-Government advised of Due Process Protections Act Order
-Identity, Preliminary, and Detention hearings set for March 28, 2024 at 1:45 PM
-Advised of right to notify consulate; Dft does not request notification at this
 time
-Dft remanded

AO 470  (Rev. 01/09)  Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio at Columbus

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  2:24-mj-157 |
| | ) | |
| Jonathan Ricardo Urbina-Molina | ) | |
| *Defendant* | ) | |

### ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| Place: | Jos. P. Kinneary U.S. Courthouse<br>85 Marconi Blvd<br>Columbus, OH 43215 | Courtroom No.: | 220 |
|---|---|---|---|
| | | Date and Time: | 3/28/2024 1:45 PM |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date:        3/25/2024                                  s/Elizabeth A. Preston Deavers
                                                        *Judge's signature*

                                   Elizabeth A. Preston Deavers, U. S. Magistrate Judge
                                                    *Printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-mj-157** |
| | : | |
| **vs.** | : | **Magistrate Judge Preston Deavers** |
| | : | |
| **JONATHAN RICARDO URBINA-** | : | |
| **MOLINA,** | : | |
| **Defendant.** | : | |

**DUE PROCESS PROTECTIONS ACT ORDER**

Pursuant to the Due Process Protections Act, the Court reminds the government of its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to comply with *Brady* and its progeny. The failure to do so in a timely manner may result in consequences, including dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances.

   **IT IS SO ORDERED.**

**DATED: March 25, 2024**          *s/Elizabeth A. Preston Deavers*
                          **ELIZABETH A. PRESTON DEAVERS**
                          **UNITED STATES MAGISTRATE JUDGE**

**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF OHIO EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                        CASE NO. 2:24-mj-157

      **v.**                            MAGISTRATE JUDGE DEAVERS

**JONATHAN URBINA-MOLINA,**

      **Defendant.**

---

### DEFENDANT'S OBJECTION TO DETENTION HEARING AND
### REQUEST FOR RELEASE ON CONDITIONS

---

The defendant, Jonathan Urbina-Molina, by counsel hereby objects to the Court holding a detention hearing in this case because no such hearing is authorized under § 3142 (f). Even if a detention hearing is authorized, Mr. Urbina-Molina's release on conditions is warranted. Accordingly, defense respectfully request his release.

### PROCEDURAL HISTORY

Jonathan Urbina-Molina is charged in a single-count indictment with reentry by a previously removed alien, in violation of 8 U.S.C. § 1326(a). Mr. Ubrina-Molina made initial appearance on March 25, 2024, at which time the government moved for a detention hearing. The Court scheduled a detention hearing for March 28, 2024 and detained Mr. Urbina-Molina on a temporary detention order until the hearing.

### LAW & ARGUMENT

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail

Reform Act (BRA) provides those limited exceptions. Because the government cannot meet its heavy burden of showing that no combination of release conditions would reasonably assure the safety of the community and Mr. Urbina-Molina's appearance as direct, the Court should grant his release.

I.    **The BRA does not permit pretrial detention or the holding of a detention hearing based solely on a defendant's immigration status or the existence of an ICE detainer.**

The BRA demands an individualized analysis of the § 3142(g) factors to determine whether a defendant should be released on bond prior to trial. *See United States v. Santos-Flores*, 794 F. 3d 1088, 1092 (9th Cir. 2015)("The court may not [] substitute a categorical denial of bail for the individualized evaluation required by the Bail Reform Act"). Because § 3142(g) demands such an individualized analysis, this Court cannot categorically deny bond to removeable aliens solely on the basis of their immigration status or the existence of an immigration detainer. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018)(holding that defendant "cannot be detained solely because he is a removal alien"); *Santos-Flores*, 794 F. 3d 1088, 1092 (9th Cir. 2015)(" We conclude the district court erred in relying on the existence of an ICE detainer and the probability of Santos-Flore's immigration detention and removal from the United States to find that no condition or combination of conditions will reasonably assure Santos-Flores's appearance pursuant to 18 U.S.C. § 3142(e).") *United States v. Barrera-Omana*, 638 F. Supp. 2d 1108, 1111 (D. Minn. 2009)(concluding that the mere presence of an ICE detainer does not override Congress' detention plan in § 3142(g)); *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 968 (E.D. Wis. 2008)("[I]t would be improper to consider only defendant's immigration status, to the exclusion of the § 3142 (g) factors, as the government suggests.").

The presence of an ICE detainer or risk of removal by ICE should Mr. Urbina-Molina be

released on conditions while this case is pending does not qualify as a risk of flight under the BRA. The BRA contemplates the risk that the defendant will flee – i.e., make a voluntary decision not to appear as directed. 1  Being forcibly removed from the country by ICE is not voluntary flight.

Specifically, under the BRA, §3142(d)(1)(B) provides for the temporary detention of removable aliens "for a period of not more than ten days" if the court finds that the individual may flee or pose a danger to any other person or the community. 18 U.S.C. § 3142(d). If the court fails to make sure a finding, the court must treat the individual in accordance with the other provisions of the BRA. 18 U.S.C. § 3142(d)(2). This means the Court can only hold a removable alien for flight risk or danger for ten days for the DHS to take the individual into custody; any further detention or failure of the DHS to take the person into custody, requires that the court find *Serious Risk* for flight or danger. These other provisions of the BRA require release unless the government meets its heavy burden of showing the person presents an unmitigable risk of flight.

**II.     The Court should not give undue weight to an illegal reentry defendant's alleged removability, citizenship status, or generic ties to a foreign country**

Even if the Court agrees that immigration status or the presence of an ICE detainer does not categorically preclude a person's release pending trial, the Court may be inclined to give considerable weight to those facts or to the foreign ties every alien inherently has to his native country when considering release or detention under § 3142(g). But the Court should be cautious

---

1 Most courts that have considered this issue, including the only two circuit courts to do so, have concluded that § 3142(f)(2)(A) only refers to *voluntary* flight risks, which does not include the risk that the person will be removed by ICE. *See e.g., Ailon-Ailon*, 875 F. 3d at 1337 (10th Cir. 2017)(holding that "a risk of involuntary removal does not establish a serious risk that [the defendant] will flee"); *United States v. Santos-Flores*, 794 F. 3d 1088, 1091 (9th Cir. 2015)(holding that "the risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition"); *United States v. Suastegui,* No. 3:18-mj-18, 2018 WL 3715765, at 2 (W.D. Va. Aug 3, 2018)(same); *Barrera-Omana*, 2009 WL 103596, at 5 (D. Neb. Jan. 13, 2009)(same).

not to create a *de facto* presumption of detention that does not exist in the statute.

As the Tenth Circuit has observed, "although Congress established a rebuttable presumption that certain defendants should be detained, it did not include removable aliens on that list." *United States v. Ailon-Ailon*, 875 F. 3d 1334, 1338 (10th Cir. 2017).  Thus, Congress knew how to indent cases in which grounds for detention are intrinsic to the alleged offense. We also know that Congress explicitly contemplated the BRA applying to non-citizens, non-LPRs who may be subject to detention by ICE.  *See* § 3142(d).  So merely, pointing to the defendant's status as a non-citizen, to his alleged removability, or to his generic ties to a foreign country2 cannot be enough for the government to meet its burden of proving that no condition will "reasonably assure the appearance of the person as required." § 3142(e)(1).  Indeed, if the only evidence of the defendant's flight risk consists of his foreign citizenship, immigration status, and the offense charged – even if the defense presents no evidence mitigating the risk of non-appearance – the person should be released.  Otherwise, the Court will have found that the facts intrinsic to the offense are sufficient to justify detention in the absence of some proof by the defense.  That is the equivalent to a rebuttable presumption of detention for illegal reentry offenses, which Congress could have but affirmatively chose not to create.

The presence of an ICE detainer may not be strictly intrinsic to the offense, but it adds nothing to the picture.  The detainer says on its face that this "detainer arises from DHS authorities and ***should not impact decisions about the alien's bail***." DHS Form I-247(A)(emphasis added) *See* **Exhibit A.**

---

2 We acknowledge that *specific* ties to a foreign country – assets, family ties, etc. – should be treated as they are in any other case.  But often the government merely relies on an illegal reentry defendant's status as a citizen of another country as the sole means of establishing a tie to that country.  This nonspecific tie to a foreign country is inherent in every illegal reentry case – an element of the offense is that a person is not a U.S. citizen.  Therefore, giving significant weight to an illegal reentry defendant's implicit ties to his native country undermines Congress' clear intention not to have § 1326 (d) offenses give rise to a presumption of detention under § 3142 (f).

### III.    Detention pending trial is not warranted based on the facts of this case

The first § 3142(g) factor, the nature and circumstance of the offense, weighs strongly in favor of release.  It is beyond dispute that this offense does not fall within any of the categories of serious offenses enumerated in § 3142(g)(1).  Illegal reentry is a regulatory offense that involves no victim, weapon, or controlled substance.  And there is no allegations that Mr. Urbina-Molina committed this generally non-violent offense in any particularly aggravating way. *See United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1137 (N.D. Iowa 2018)(ordering defendant's release under the BRA and observing that "[t]here is no allegation that his reentry, apart from being unlawful, harmed any particular person or place").

Although the offense charged is a felony, Mr. Urbina-Molina faces a maximum of only two years of prison. 8 U.S.C. § 1326 (a).3  If convicted, Mr. Urbina-Molina's guidelines will likely call for 0-6 months in custody.  *See* U.S.S.G. §2L1.2(a)(providing a base offense level of 8, which – absent specific offense enhancements not foreseen here – leads to a guideline range of 0-6 months even after trial for defendants in criminal history category I).

The likely sentence if convicted confirms that the nature and circumstances of the offense are among the least serious in the federal system.  *United States v. Vasquez-Benitez*, 919 F. 3d 546, 551 (D.C. Cir. 2019)(affirming order releasing defendant under BRA and noting that "illegal reentry is a nonviolent crime" which, in that case, "appear[ed] to carry with it a relatively low penalty").  The seriousness of the penalty faced, if convicted, also does not created a serious risk that Mr. Urbina-Molina will attempt to flee if released on bond.

---

3 The two-year statutory maximum penalty for this offense is among the lowest possible in a felony case and is substantially lower than that faced by white-collar defendants who are routinely granted bond.  *Contrast* § 1326 (d) providing two-year statutory maximum for illegal reentry), *with* 18 U.S.C. § 1344 (20 years for bank fraud); 18 U.S.C. § 1343 (20 years for wire fraud).

The Court should not place to much weight on the second (g) factor, concerning the weight of the evidence. Even if the government's evidence seems strong at first blush, the underlying removal order may well be subject to collateral attack. *See* § 1326 (d); *see also United States v. El Shami*, 434 F. 3d 659, 663 (4th Cir. 2005)("Because a deportation order is an element of the offense of illegal reentry, the Supreme Court has recognized that an alien can collaterally attack the propriety of the original deportation order in the later criminal proceeding.")

At any rate, this Court should not place too much emphasis on the weight of the evidence because doing so is akin to applying the presumption of guilt, which is expressly forbidden under §3142(j). Even if the Court chooses to consider the weight of the evidence supporting guilt, this should be treated as the "least important" of the § 3142(g) factors. *See United States v. Townsend*, 897 F. 2d 989, 994 (9th Cir. 1990).

The third (g) factor is the history and characteristics of the person. This factor strongly favors release. **Criminal history**: Mr. Urbina-Molina is twenty-eight years old. He has no prior criminal convictions. He has one prior removal from January of 2020 to Honduras. **Incentive to flee:** If Mr. Urbina-Molina is removable, "he must not flee if he wishes to preserve his opportunity to obtain withholding of removal in his immigration case." *Vasquez-Benitez*, 919 F. 3d at 551. The D.C. Circuit found this to be a critical factor supporting the release of the illegal-reentry defendant in *Vasquez-Benitez*. *Id.* As noted above, the prospect of punishment in this case also does not create a strong incentive to flee. Furthermore, Mr. Urbina-Molina asserts he is a father to a young child with special needs in Columbus, Ohio. Had he not been incarcerated he would be living at home with his child and partner. Mr. Urbina-Molina has an affirmative incentive to appear as directed to resolve his immigration case favorably and this prosecution does not create a strong incentive to flee including strong family ties to the community.

With respect to the fourth (g) factor, the nature and seriousness of the danger posed by the person's release, the defense submits that there is not evidence that Mr. Urbina-Molina poses a danger to the community or any other person.

"Section 3142 does not seek ironclad guarantees, and the only requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight." *United States v. Chen,* 820 F. Supp. 1205, 1208 (N.D. Cal. 1992). As in every case, there is *some* risk that Mr. Urbina-Molina will flee and this Court cannot guarantee his appearance. But no good evidence suggests that his status as an "illegal alien" meaningfully increases his risk of flight. And, in the end, there is no statutory basis to deprive him of his liberty.

The government cannot demonstrate that this case involves a *serious risk* that Mr. Ubrina-Molina will flee under § 3142(f)(2)(A). At the very least, this Court can craft conditions that will reasonably assure Mr. Urbina-Molina's appearance as directed.

WHEREFORE, Defense respectfully requests that Mr. Urbina-Molina be released on conditions of release.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

 /s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
ASSISTANT FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL PUBLIC DEFENDER
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
Stacey_MacDonald@fd.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing motion was served upon Assistant United States Attorneys Heidy Carr and Jennifer Rausch, 303 Marconi Blvd, Suite 200, Columbus, Ohio 43215, on March 28, 2024 by means of electronic delivery through the Court's ECF system.

/s/ Stacey MacDonald
Stacey MacDonald (WA 35394)
Assistant Federal Public Defender

DEPARTMENT OF HOMELAND SECURITY
# IMMIGRATION DETAINER - NOTICE OF ACTION

| Subject ID:<br>Event #: | | File No:<br>Date: |
|---|---|---|

| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) | FROM: (Department of Homeland Security Office Address) |
|---|---|

Name of Alien: _____

Date of Birth: _____  Citizenship: _____  Sex: _____

| **1. DHS HAS DETERMINED THAT PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON (complete box 1 or 2).** |
|---|

☐ A final order of removal against the alien;

☐ The pendency of ongoing removal proceedings against the alien;

☐ Biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ Statements made by the alien to an immigration officer and/or other reliable evidence that affirmatively indicate the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

| **2. DHS TRANSFERRED THE ALIEN TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION (complete box 1 or 2).** |
|---|

☐ Upon completion of the proceeding or investigation for which the alien was transferred to your custody, DHS intends to resume custody of the alien to complete processing and/or make an admissibility determination.

**IT IS THEREFORE REQUESTED THAT YOU:**

- **Notify DHS** as early as practicable (at least 48 hours, if possible) before the alien is released from your custody. Please notify DHS by calling ☐ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at _____. If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- **Maintain custody** of the alien for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. The alien **must be served with a copy of this form** for the detainer to take effect. This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters
- Relay this detainer to any other law enforcement agency to which you transfer custody of the alien.
- Notify this office in the event of the alien's death, hospitalization or transfer to another institution.

☐ If checked: please cancel the detainer related to this alien previously submitted to you on _____ (date).

_____  _____
(Name and title of Immigration Officer)   (Signature of Immigration Officer) (Sign in ink)

| **Notice:** If the alien may be the victim of a crime or you want the alien to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter. |
|---|

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE ALIEN WHO IS THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS by mailing, emailing or faxing a copy to _____ .

Local Booking/Inmate #: _____  Estimated release date/time: _____

Date of latest criminal charge/conviction: _____  Last offense charged/conviction: _____

This form was served upon the alien on _____ , in the following manner:

☐ in person   ☐ by inmate mail delivery   ☐ other (please specify): _____

_____  _____
(Name and title of Officer)   (Signature of Officer) (Sign in ink)

DHS Form I-247A (3/17)                                                                 Page 1 of 3

**NOTICE TO THE DETAINEE**

The Department of Homeland Security (DHS) has placed an immigration detainer on you. An immigration detainer is a notice to a law enforcement agency that DHS intends to assume custody of you (after you otherwise would be released from custody) because there is probable cause that you are subject to removal from the United States under federal immigration law.  DHS has requested that the law enforcement agency that is currently detaining you maintain custody of you for a period not to exceed 48 hours beyond the time when you would have been released based on your criminal charges or convictions. **If DHS does not take you into custody during this additional 48 hour period, you should contact your custodian** (the agency that is holding you now) to inquire about your release. **If you believe you are a United States citizen or the victim of a crime, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.**

**NOTIFICACIÓN A LA PERSONA DETENIDA**

El Departamento de Seguridad Nacional (DHS) le ha puesto una retención de inmigración. Una retención de inmigración es un aviso a una agencia de la ley que DHS tiene la intención de asumir la custodia de usted (después de lo contrario, usted sería puesto en libertad de la custodia) porque hay causa probable que usted está sujeto a que lo expulsen de los Estados Unidos bajo la ley de inmigración federal. DHS ha solicitado que la agencia de la ley que le tiene detenido actualmente mantenga custodia de usted por un periodo de tiempo que no exceda de 48 horas más del tiempo original que habría sido puesto en libertad en base a los cargos judiciales o a sus antecedentes penales. **Si DHS no le pone en custodia durante este periodo adicional de 48 horas, usted debe de contactarse con su custodio** (la agencia que le tiene detenido en este momento) para preguntar acerca de su liberación. **Si usted cree que es un ciudadano de los Estados Unidos o la víctima de un crimen, por favor avise al DHS llamando gratuitamente al Centro de Apoyo a la Aplicación de la Ley ICE al (855) 448-6903.**

**AVIS AU DETENU OU À LA DÉTENUE**

Le Département de la Sécurité Intérieure (DHS) a placé un dépositaire d'immigration sur vous. Un dépositaire d'immigration est un avis à une agence de force de l'ordre que le DHS a l'intention de vous prendre en garde à vue (après celà vous pourrez par ailleurs être remis en liberté) parce qu'il y a une cause probable que vous soyez sujet à expulsion des États-Unis en vertu de la loi fédérale sur l'immigration. Le DHS a demandé que l'agence de force de l'ordre qui vous détient actuellement puisse vous maintenir en garde pendant une période ne devant pas dépasser 48 heures au-delà du temps après lequel vous auriez été libéré en se basant sur vos accusations criminelles ou condamnations. **Si le DHS ne vous prenne pas en garde à vue au cours de cette période supplémentaire de 48 heures, vous devez contacter votre gardien (ne)** (l'agence qui vous détient maintenant) pour vous renseigner sur votre libération. **Si vous croyez que vous êtes un citoyen ou une citoyenne des États-Unis ou une victime d'un crime, s'il vous plaît aviser le DHS en appelant gratuitement le centre d'assistance de force de l'ordre de l'ICE au (855) 448-6903**

**NOTIFICAÇÃO AO DETENTO**

O Departamento de Segurança Nacional (DHS) expediu um mandado de detenção migratória contra você. Um mandado de detenção migratória é uma notificação feita à uma agência de segurança pública que o DHS tem a intenção de assumir a sua custódia (após a qual você, caso contrário, seria liberado da custódia) porque existe causa provável que você está sujeito a ser removido dos Estados Unidos de acordo com a lei federal de imigração. ODHS solicitou à agência de segurança pública onde você está atualmente detido para manter a sua guarda por um período de no máximo 48 horas além do tempo que você teria sido liberado com base nas suas acusações ou condenações criminais. **Se o DHS não leva-lo sob custódia durante este período adicional de 48 horas, você deve entrar em contato com quem tiver a sua custódia** (a agência onde você está atualmente detido) para perguntar a respeito da sua liberação. **Se você acredita ser um cidadão dos Estados Unidos ou a vítima de um crime, por favor informe ao DHS através de uma ligação gratuita ao Centro de Suporte de Segurança Pública do  Serviço de Imigração e Alfândega (ICE) pelo telefone (855) 448-6903.**

**THÔNG BÁO CHO NGƯỜI BỊ GIAM**

Bộ Nội An (DHS) đã ra lệnh giam giữ di trú đối với quý vị. Giam giữ di trú là một thông báo cho cơ quan công lực rằng Bộ Nội An sẽ đảm đương việc lưu giữ quý vị (sau khi quý vị được thả ra) bởi có lý do khả tín quý vị là đối tượng bị trục xuất khỏi Hoa Kỳ theo luật di trú liên bang. Sau khi quý vị đã thi hành đầy đủ thời gian của bản án dựa trên các tội phạm hay các kết án, thay vì được thả tự do, Bộ Nội An đã yêu cầu cơ quan công lực giữ quý vị lại thêm không quá 48 tiếng đồng hồ nữa. Nếu Bộ Nội An không đến bắt quý vị sau 48 tiếng đồng hồ phụ trội đó, quý vị cần liên lạc với cơ quan hiện đang giam giữ quý vị để tham khảo về việc trả tự do cho quý vị. Nếu quý vị là công dân Hoa Kỳ hay tin rằng mình là nạn nhân của một tội ác, xin vui lòng báo cho Bộ Nội An bằng cách gọi số điện thoại miễn phí 1(855) 448-6903 cho Trung Tâm Hỗ Trợ Cơ Quan Công Lực Di Trú.

被拘留者通知書

國土安全部(Department of Homeland Security，簡稱DHS)已經對你發出移民拘留令。移民拘留令為一給予執法機構的通知書，闡明**DHS**意欲獲取對你的羈押權(若非有此羈押權，你將會被釋放)；因為根據聯邦移民法例，並基於合理的原由，你將會被遞解離美國國境。**DHS**亦已要求現正拘留你的執法機構，在你因受到刑事檢控或定罪後，而在本應被釋放的程序下，繼續對你作出不超過四十八小時的監管。若你在這附加的四十八小時內，仍未及移交至**DHS**的監管下，你應當聯絡你的監管人(即現正監管你的機構)查詢有關你釋放的事宜。若你認為你是美國公民或為罪案受害者，請致電**ICE**執法部支援中心**(Law Enforcement Support Center)**知會**DHS**，免費電話號碼：**(855)448-6903**。

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

**United States of America**

**-vs-**                                              **Case No.  2:24-mj-157**

**Jonathan Ricardo Urbina-Molina**


**COURTROOM   MINUTES**

| JUDGE: | Elizabeth A. Preston Deavers | DATE AND TIME: | March 28, 2024 At 1:45 PM |
|---|---|---|---|
| DEPUTY CLERK: | Sherry Nichols | COUNSEL FOR GOVT: | Jennifer Rausch |
| RECORDER: | CourtSmart | COUNSEL FOR DEFT(S). | Stacey MacDonald |
| INTERPRETER: | James Weller | PRETRIAL/PROBATION: | Leticia Vazquez-Villa |

Identity Hearing, Preliminary Hearing, and Detention Hearing

-Interpreter sworn in
-Agent Jimmy Ewy sworn in and testified on behalf of Government; cross-exam by Stacey MacDonald
-Government exhibits 1, 2, and 3 admitted
-Court found identity has been established
-Court found probable cause
-Court found there were no conditions of release that would reasonably assure Defendant's appearance and the safety of the community

**1/31/21**



**3/21/24**



GOVERNMENT
EXHIBIT
3

GOVERNMENT
EXHIBIT
2

DEPARTMENT OF HOMELAND SECURITY

## NOTICE TO ALIEN ORDERED REMOVED/DEPARTURE VERIFICATION

A-File No: 213 541 086

Date: 01/03/2020

Alien's name:  JONATHAN RICARDO URBINA-MOLINA

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States

☒ For a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ For a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of being ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ For a period of 20 years from the date of your departure from the United States as a consequence of being found inadmissible and being previously excluded, deported, or removed from the United States.

☐ At any time because in addition to being found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected, you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office. Refer to the above file number when requesting forms or information.

> **WARNING FOR ALL REMOVED ALIENS:** It is a crime under Title 8 United States Code, Section 1326, for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000.

> **SPECIAL NOTICE TO SEX OFFENDERS:** Federal Law requires a convicted sex offender, including an alien who has been removed from or otherwise departed the United States and subsequently returns, to register in each jurisdiction in the United States in which he or she resides, is employed, or is a student. Violation of this requirement can result in prosecution and imprisonment for up to 10 years under Title 18 United States Code, Section 2250.

| JOSE PALOMIN | BORDER PATROL AGENT | MCALLEN, TEXAS |
|---|---|---|
| (Signature of officer serving warning) | (Title of officer) | (Location of DHS Office) |

## Verification of Removal
(Complete this section for file copy only)

| Departure Date JAN 10 2020 | Port of Departure Brownsville, TX Airport via AIR OPS | Manner of Departure |
|---|---|---|
| Signature of Verifying Officer  D0472 | | Title of Officer |

Subject Refused to sign. Witnessed by:

**Photograph of Alien**

**Right Index Finger**

(Signature of alien whose fingerprint and photograph appear above)

(Signature of official taking fingerprint)

DHS Form I-296 (1/12)

Page 1 of 1

our removal has been effected, you must request and obtain permission from the Secr
ply for admission to the United States during the period indicated. You must obtain su
encing your travel to the United States. Application forms for requesting permission to i
ed by contacting any United States Consulate or U.S. Department of Homeland Securi
nber when requesting forms or information.

ING FOR ALL REMOVED ALIENS: It is a crime under Title 8 United States Code, Section 1326, for an
ne United States to enter, attempt to enter, or be found in the United States without the Secretary of
nt. Depending on the circumstances of the removal, conviction for this crime can result in imprison
and/or a fine up to $250,000.

AL NOTICE TO SEX OFFENDERS: Federal Law requires a convicted sex offender, including an alien
rise departed the United States and subsequently returns, to register in each jurisdiction in the Unite
s, is employed, or is a student. Violation of this requirement can result in prosecution and imprison
8 United States Code, Section 2250.

| JOSE PALOMIN | BORDER PATROL AGENT |
|---|---|
| nature of officer serving warning) | (Title of officer) |

## Verification of Removal

(Complete this section for file copy only)

| JAN 10 2020 Port of Departure | Brownsville, TX Airport via AIR OPS | Manner of Depa |
|---|---|---|
| ture of Verifying Officer | D01972 | Title of Officer |

Subject Refused to
sign. Witnessed by:

**Photograph of Alien**

Righ

ture of alien whose fingerprint and photograph appear above)       (Signature of o

rm I-296 (1/12)

GOVERNMENT EXHIBIT
1

OBSERV
OBSERV

Artículo

Reglamento de la Ley de

NO RENOVACIÓN DEL PASA
la vigencia del pasaporte
y el interesado de de

# REPÚBLICA DE HONDU

## PASAPORTE
## *PASSPORT*



| | |
|---|---|
| Tipo / *Type* P | País emisor / *Issuing State* HND | Pasaporte No. / *Passport No.* F958572 |

Apellidos / *Surname*
**URBINA MOLINA**

Nacionalidad / *Nationality*
**HONDUREÑA**

Nombres / *Given name*
**JONATHAN RICARDO**

Fecha de nacimiento / *Date of Birth*
**18 OCT/OCT 1995**

Cédula de identidad / *I.D. No.*
0101-1996-02795

Fecha de emisión / *Date of Issue*
**02 AGO/AUG 2019**

Lugar de Nacimiento / *Place*
**HONDURAS**

Fecha de vencimiento / *Date of Expiry*
**02 AGO/AUG 2029**

Autoridad emisora / *Authority*
**INSTITUTO NACIONA**



P<HNDURBINA<MOLINA<<JONATHAN<RICARDO<<

F958572<<9HND9510180M290802901011996O2

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

United States of America )
)
v. )
) Case No.    2:24-mj-157
Jonathan Urbina-Molina )
)
_____ )
Defendant )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
        § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

❑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ❑ Subject to lengthy period of incarceration if convicted
    ❑ Prior criminal history
    ❑ Participation in criminal activity while on probation, parole, or supervision
    ❑ History of violence or use of weapons
    ❑ History of alcohol or substance abuse
    ❑ Lack of stable employment
    ❑ Lack of stable residence
    ❑ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☑ Lack of legal status in the United States
☑ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

Failed to report to Boader Patrol as directed
Reportedly in Texas
Refused to communicate when contacted by agents after failing to appear

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        03/29/2024                              s/ Elizabeth A. Preston Deavers

                                                          United States Magistrate Judge

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio at Columbus

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )  Case No. ___2:24-mj-157___ |
| | ) |
| ___Jonathan Ricardo Urbina-Molina___ | )  Charging District's |
| *Defendant* | )  Case No. ___2:21-mj-5028___ |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ___Western___ District of ___New York___ ,

*(if applicable)* ___Western___ division.  The defendant may need an interpreter for this language:

Spanish _____ .

The defendant:    ☐  will retain an attorney.

☒  is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: ___3/29/2024___                                    s/Elizabeth A. Preston Deavers
                                                                            *Judge's signature*

                                      Elizabeth A. Preston Deavers, United States Magistrate Judge
                                                                  *Printed name and title*