IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    21-mj-5028

JONATHAN RICARDO URBINA MOLINA

Defendant.

## PLEA AGREEMENT

The defendant, JONATHAN RICARDO URBINA MOLINA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to a one count misdemeanor Information which charges a violation of Title 8, United States Code, Section 1325(a)(1) (Improper Entry by Alien), for which the maximum possible sentence is a term of imprisonment of six months, a fine of $5,000, and a mandatory $10 special assessment. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II.     ELEMENTS AND FACTUAL BASIS

2.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.     The defendant is an alien; and

b.     The defendant knowingly entered, or attempted to enter, the United States at a place other than a designated port of entry.

## FACTUAL BASIS

3.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.     The defendant, JONATHAN RICARDO URBINA MOLINA, is an alien without any legal status in the United States. The defendant was born in and is a citizen of Honduras.

b.     On or about January 10, 2020, the defendant was deported and removed from the United States by way of an expedited removal pursuant to an order by a designated official and was warned that the defendant was prohibited from re-entering the United States.

c.     Between on or about January 10, 2020, and January 31, 2021, the defendant knowingly entered the United States at a time or place not designated by immigration officials and was thereafter found in the Western District of New York.

## III.     SENTENCING GUIDELINES

4.     The defendant understands that the offense set forth in Paragraph 1 of this agreement is a Class B Misdemeanor and, pursuant to Guidelines § 1B1.9, the Sentencing Guidelines (Sentencing Reform Act of 1984) are not applicable.

5. The defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

6. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

7. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. ALIEN STATUS

8. The defendant understands that, as a result of the defendant's guilty plea and conviction, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

9. The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or

reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

10.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

11.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate No. 21-mj-5028.

12.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

13.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the maximum range for imprisonment and fine set forth in Paragraph 1, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

14.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

15.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the maximum range for imprisonment and fine set forth in Paragraph 1, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's

sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. <u>VENUE</u>

16. The defendant agrees to waive any right to challenge venue and agrees to have this matter resolved in the Western District of New York.

## IX. <u>TOTAL AGREEMENT AND AFFIRMATIONS</u>

17. This plea agreement represents the total agreement between the defendant, JONATHAN RICARDO URBINA MOLINA, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
PAUL E. BONANNO
Assistant United States Attorney

Dated: August 6, 2024

I have read this agreement, which consists of pages 1 through 7. I have had a full opportunity to discuss this agreement with my attorney, Erin Ryan, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JONATHAN RICARDO URBINA
MOLINA
Defendant

_____
ERIN RYAN
Attorney for the Defendant

Dated: August 6, 2024

Dated: August 6, 2024

I, _Raida Pimienta_, hereby affirm under penalty of perjury that I am a Spanish language Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, JONATHAN RICARDO URBINA MOLINA; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Erin Ryan, Esq.

DATED: August 6, 2024

_____
Interpreter

8